UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------x
In re:                                                                    Chapter 11

JM HOLDING GROUP, LLC *et al.*,                          Case No. 17-45647 (NHL)

                                 Debtors.                        (Jointly Administered)
---------------------------------------------------------x

### ORDER, PURSUANT TO SECTIONS 105 AND 363 OF THE BANKRUPTCY CODE, (I) AUTHORIZING THE SALE OF SUBSTANTIALLY ALL OF THE ASSETS OF THE DEBTOR FREE AND CLEAR OF LIENS, CLAIMS, ENCUMBRANCES, AND OTHER INTERESTS, AND (II) GRANTING RELATED RELIEF

Upon consideration of the motion (the "Motion")[1] of J. Mendel, Inc. ("J. Mendel", the "Debtor"), the above-captioned debtor and debtor in possession, for entry of an Order, pursuant to 105(a) and 363 of title 11 of the United States Code (the "Bankruptcy Code"), and Rules 2002, 6004 and 9014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), (i) authorizing the sale of substantially all of the assets of the Debtor (the "Acquired Assets"), free and clear of all liens, claims, encumbrances, and interests, to Alexandros Group, LLC and JMIP Acquisition LLC (collectively, the "Purchaser"), and (ii) granting related relief; and a hearing having been held on October 12, 2018 (the "Sale Hearing"); and upon the Declaration of Ioannis Georgiades dated October 12, 2018; and this Court having determined that the relief requested in the Motion is in the best interests of the Debtor, its estate, creditors, and other parties in interest; and due and adequate notice of the Motion having been given under the circumstances; and upon the record of the Sale Hearing and the entire record in these Chapter 11 cases; and after due deliberation thereon, and good and sufficient cause appearing therefor, it is hereby

---

[1] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Asset Purchase Agreement, dated October 11, 2018, annexed hereto as Exhibit 1 (the "Purchase Agreement") or the Motion, as applicable.

**FOUND AND DETERMINED THAT:**

        A.        The findings and conclusions set forth herein constitute the Court's findings of fact and conclusions of law pursuant to Bankruptcy Rule 7052, made applicable to this proceeding pursuant to Bankruptcy Rule 9014.

        B.        This Court has jurisdiction to consider the Motion pursuant to 28 U.S.C. §§ 1334 and 157.  This is a core matter pursuant to 28 U.S.C. § 157(b)(2), and this Court may enter a final order consistent with Article III of the United States Constitution.  Venue of the Chapter 11 cases and of the Motion is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

        C.        The statutory predicates for the relief sought in the Motion are sections 105 and 363 of the Bankruptcy Code and Bankruptcy Rules 2002, 6004, and 9014.

        D.        Due and adequate notice of the Motion, the proposed Sale, the Sale Hearing, and the subject matter thereof has been provided to all parties in interest herein, and no other or further notice is necessary.  A reasonable opportunity to object or be heard with respect to the Motion and the relief requested therein has been afforded to all interested persons and entities.

        E.        The relief requested in the Motion is in the best interests of the Debtor, its estate, creditors, and other parties in interest.  Upon the record made at the Bidding Procedures Hearing and the Sale Hearing, the Debtor has demonstrated good, sufficient, and sound business purposes and justifications for the relief requested in the Motion.  The Debtor's decision to enter into the Purchase Agreement and perform thereunder is a reasonable exercise of the Debtor's business judgment.

        F.        The Debtor and the Purchaser and/or their representatives participated in the bidding process and acted in good faith.

G.  The Sale was negotiated and proposed in good faith, from arms'-length bargaining positions, and without collusion. The Purchaser is a good-faith purchaser within the meaning of section 363(m) of the Bankruptcy Code and is entitled to the protection thereof. Neither the Debtor nor the Purchaser has engaged in any conduct that would cause or permit the sale of the Acquired Assets to the Purchaser to be avoided under section 363(n) of the Bankruptcy Code.

H.  The consideration provided by the Purchaser to the Debtor for the Acquired Assets, (i) is fair and reasonable, (ii) is the highest or best offer for the Acquired Assets, and (iii) constitutes reasonably equivalent value and fair consideration under the Bankruptcy Code and under the laws of the United States, any state, territory, or possession.

I.  The Debtor has full corporate or other power to execute, deliver and perform their obligations under the Purchase Agreement and all other transactions contemplated thereby and entry into the Purchase Agreement has been duly and validly authorized by all necessary corporate or similar action. No consents or approvals, other than those expressly provided for in the Purchase Agreement, are required for the Debtor to consummate such transactions.

J.  The Purchaser is not a successor to or mere continuation of the Debtor or its estate.

K.  The Debtor is the sole and lawful owner of the Acquired Assets. The Acquired Assets constitute property of the Debtor's estate and title thereto is vested in the Debtor's estate within the meaning of section 541(a) of the Bankruptcy Code.

L.  The Debtor is authorized to sell the Acquired Assets to the Purchaser free and clear of all liens (within the meaning of section 101(37) of the Bankruptcy Code), mortgages, leases or other rights or claims of use, encumbrances, interests (secured or unsecured), claims

(within the meaning of section 101(5) of the Bankruptcy Code), liabilities, charges, judgments or other legal or equitable encumbrances and any other matter affecting title, of any kind or nature whatsoever (collectively, "Encumbrances"), with such Encumbrances transferring and attaching to the proceeds of the Sale with the same validity and priority as such interests had in the Acquired Assets immediately prior to the consummation of the Sale, because one or more of the standards set forth in sections 363(f)(1)–(5) of the Bankruptcy Code have been satisfied.  Rosenthal has expressly consented to the Sale as and to the extent provided in this Order, free and clear of all Liens, Claims and interest against the Debtor and its estate and any of the Assets held by, maintained by or otherwise in favor of Rosenthal.  In consideration thereof, the Debtor has agreed to pay the net proceeds of the sale to Rosenthal at closing for application to its secured claim and to retain any proceeds in excess of the Rosenthal claim pending further Order of this Court. Those holders of Encumbrances who did not object to the Motion or the relief requested therein, or who interposed and then withdrew their objections, are deemed to have consented to the Sale pursuant to section 363(f)(2) of the Bankruptcy Code.  Those holders of Encumbrances who did object fall within one or more of the other subsections of section 363(f) of the Bankruptcy Code and are adequately protected by having their interests, if any, attach to the proceeds of the Sale of the Acquired Assets.

        M.     The assumption and assignment of the Assumed Contracts pursuant to the terms of this Order and the Purchase Agreement is integral to the Sale, is in the best interests of the Debtor and its estate, and represents a reasonable exercise of the Debtor's business judgment.

        N.     The Debtor properly served each counterparty to the Assumed Contracts with notice of their cure obligations ("Cure Notice").  Such cure obligations in the Cure notice are the sole amounts necessary under the Bankruptcy Code sections 365(b)(1)(A) and (B) and

365(f)(2)(A) to cure all monetary defaults under the Assumed Contracts, subject to the Purchaser's right to remove any Assumed Contracts from the list of Assumed Contracts as provided in the Purchase Agreement.

O.  On or before the Closing Date, for all Assumed Contracts assumed and assigned to the Purchaser, the Purchaser shall have paid the cure obligations, if any.  The Purchaser has also provided adequate assurance of its future performance under the Assumed Contracts within the meaning of Bankruptcy Code sections 365(b)(1)(C) and 365(f)(2)(B).

P.  The Acquired Assets include customer lists containing personally identifiable information and under the Purchase Agreement, the Purchaser has agreed to comply with the Debtor's privacy policy in effect as of the Closing.

**IT IS HEREBY ORDERED THAT:**

1. The Motion is granted as set forth herein.

2. All objections to the Motion or relief provided herein that have not been withdrawn, waived, or settled are hereby overruled and denied on the merits.

3. The Debtor's entry into the Purchase Agreement is hereby approved. Pursuant to sections 105 and 363 of the Bankruptcy Code and the terms of the Purchase Agreement, the Debtor is hereby authorized and empowered to enter into, execute, deliver and perform under the Purchase Agreement, together with all additional documents and instruments that may be reasonably necessary or desirable to implement the Purchase Agreement and the transactions and obligations contemplated thereby, and to sell, transfer, and convey the Acquired Assets, to the Purchaser.

4. The Acquired Assets sold pursuant to the Purchase Agreement to the Purchaser are being sold "as is, where is," without any representations or warranties from the

Debtor as to the quality or fitness of such assets for either their intended or any other purposes, except as otherwise expressly provided in the Purchase Agreement.

5. Pursuant to section 363(f) of the Bankruptcy Code, the Acquired Assets shall be sold free and clear of all Encumbrances, with any Encumbrances in such Acquired Assets, or the proceeds thereof, to attach to the proceeds of such sale with the same validity, priority, and effect as they had prior to the Sale, subject to any rights, claims and defenses that the Debtor or its estate may have with respect to such Encumbrances. The Debtor is authorized and directed on the closing date to remit the sale proceeds to Rosenthal for application to Rosenthal's secured claim and to retain any surplus proceeds after payment of the Rosenthal claim pending further Order of this Court.

6. If any person or entity that has filed statements (including UCC-1 financing statements) or other documents or agreements evidencing Encumbrances on, or interests in, all or any portion of the Acquired Assets shall not have delivered to the Debtor, in proper form for filing and executed by the appropriate parties, termination statements, instruments of satisfaction, releases of Encumbrances or any other documents necessary for the purpose of documenting the release of all Encumbrances or interests which the person or entity has or may assert, the Debtor is hereby authorized, and the Purchaser is hereby authorized on behalf of the Debtor, to execute and file such statements, instruments, releases and other documents on behalf of such person or entity with respect to the Acquired Assets.

7. Pursuant to section 363(b) of the Bankruptcy Code, the Debtor and the Purchaser, as well as their officers, employees, and agents, shall be, and hereby are, authorized to take any and all actions and/or execute any and all documents as may be necessary or desirable to consummate the transactions contemplated by the Purchase Agreement. Any actions taken by the

Debtor and the Purchaser necessary or desirable to consummate such transaction prior to the entry of this Order are hereby ratified.

8.  This Order shall be binding upon and shall govern the acts of all entities, including, without limitation, all filing agents, filing officers, administrative agencies, governmental departments, secretaries of state, federal, state and local officials, and all other persons and entities who may be required by operation of law, the duties of their office, or contract, to accept, file, register or otherwise record or release any documents or instruments, or who may be required to report or insure any title to or interest in any of the Acquired Assets.

9.  This Order shall be binding on the Debtor and its estate, all holders of equity interests of the Debtor, all holders of any Claim(s), whether known or unknown, against the Debtor, including the secured lenders, all counterparties to Assumed Contracts, the Purchaser and their respective affiliates, successors and assigns, and any affected third parties including, but not limited to, all persons asserting an interest or Encumbrance in the Acquired Assets, and any trustee, examiner, responsible officer, fiduciary, estate representative or similar entity for the Debtor, if any, subsequently appointed in the Debtor's chapter 11 case or upon conversion to chapter 7 of the Bankruptcy Code of the Debtor's case.  The provisions of this Order and terms and provisions of the Purchase Agreement, and any actions taken pursuant hereto or thereto shall survive the entry of any order which may be entered confirming or consummating any plan(s) of reorganization or liquidation of the Debtor or converting the Debtor's case from chapter 11 to chapter 7, and the terms and provisions of the Purchase Agreement, as well as the rights and interests granted pursuant to this Order and the Purchase Agreement, shall continue in these or any superseding case.

10. Subject to the provisions of this Order, all persons and entities are hereby forever prohibited and enjoined from taking any action that would adversely affect or interfere with the ability of the Debtor to sell and transfer the Acquired Assets to the Purchaser in accordance with the terms of the Purchase Agreement and this Order. Following the Closing of the Sale, no holder of any Encumbrance or any creditor of the Debtor shall interfere with the Purchaser's title to or use and enjoyment of the Acquired Assets based on or related to such Encumbrance or claim or any actions that the Debtor may have taken or may in the future take prior to or after the Closing.

11. All entities that are in possession of some or all of the Acquired Assets on the Closing Date are directed to surrender possession of such Acquired Assets to the Purchaser at the closing of the Sale.

12. All persons and entities, including, but not limited to, all equity holders, governmental, tax and regulatory authorities, lenders, employees, tort claimants, litigants, trade and other creditors, holding any Claims, Encumbrances or interests of any kind or nature whatsoever, except for Assumed Contracts, against or in the Debtor or the Acquired Assets prior to Closing are forever barred, estopped and permanently enjoined from asserting such Claims, Encumbrances or interests against the Purchaser, its successors or assigns, its property or the Acquired Assets.

13. With respect to the Assumed Contracts, the Debtor is authorized to assume each Assumed Contract and assign the Assumed Contract to the Purchaser (which shall include the Bergdorf Goodman contract) free and clear of all Claims, Encumbrances and interests pursuant to and in accordance with the Purchase Agreement.

14. The payment of the applicable cure cost (if any) with regard to the Assumed Contracts shall (a) effect a cure of all defaults existing thereunder as of the Closing Date and (b) compensate for any actual pecuniary loss resulting from such default. Pursuant to section 365(f) of the Bankruptcy Code, the assumption and assignment by Debtor of the Assumed Contracts to the Purchaser shall not be a default thereunder. Any provisions of any Assumed Contract that prohibit or condition the assignment of such Assumed Contract or allow the counterparty to such Assumed Contract to terminate, impose any penalty, condition on renewal or extension, or modify any term or condition upon the assignment of such Assumed Contract constitute unenforceable anti-assignment provisions that are of no force and effect in connection with the Debtor's assumption and assignment of the Assumed Contracts to the Purchaser. Upon the Closing of the Sale, in accordance with sections 363 and 365 of the Bankruptcy Code, the Purchaser shall be fully and irrevocably vested with all right, title, and interest of the Debtor under the Assumed Contracts, which will remain in full force and effect, the Purchaser shall be deemed to be substituted for the Debtor as a party to the applicable Assumed Contracts, and the Debtor shall be relieved, pursuant to section 365(k) of the Bankruptcy Code, from any further liability under the Assumed Contracts.

15. After the payment of the relevant cure costs, if any, neither the Debtor nor the Purchaser shall have any further liabilities to the counterparties to such Assumed Contracts other than the Purchaser's obligations under the Assumed Contracts that accrue after the Closing Date, except as otherwise agreed to in writing between the Purchase and a counterparty. Nothing herein shall affect the rights of the Purchaser until Closing to remove any contract to or from the list of the Assumed Contracts in accordance with the Purchase Agreement.

16. Entry into the Purchase Agreement is undertaken by the parties thereto in good faith, as that term is used in section 363(m) of the Bankruptcy Code, and the Purchaser is hereby entitled to the protections afforded by section 363(m) of the Bankruptcy Code in the event that this Order is reversed or modified on appeal. The reversal or modification on appeal of the authorization provided herein to enter into the Purchase Agreement and consummate the transactions contemplated thereby shall not affect the validity of such transactions, unless such authorization is stayed pending such appeal.

17. The transactions contemplated by the Purchase Agreement are not subject to avoidance pursuant to section 363(n) of the Bankruptcy Code

18. The Purchaser shall not be liable for any claims against the Debtor except as expressly provided for in the Purchase Agreement.

19. The Purchaser is a party in interest and shall have standing to appear and be heard on all issues related to or otherwise connected with this Order, the Sale or the Purchase Agreement.

20. The Purchase Agreement and related documents may be modified or supplemented by the parties thereto in accordance with the terms thereof without further order of this Court. The failure to specifically include any particular provision of the Purchase Agreement in this Order shall not diminish or impair the effectiveness of such provision, it being the intent of the Court that the Purchase Agreement be authorized and approved in its entirety; provided, however, that this Order shall govern if there is any inconsistency between the Purchase Agreement and this Order.

21. The automatic stay pursuant to section 362 of the Bankruptcy Code is hereby lifted with respect to the Debtor to the extent necessary, without further order of this Court,

to (i) allow the Purchaser to deliver any notice provided for the Purchase Agreement, and (ii) allow the Purchaser to take any and all actions permitted under the Purchase Agreement.

22. Notwithstanding any provision in the Bankruptcy Rules to the contrary, (i) this Order shall be effective immediately and enforceable upon its entry, (ii) the Debtor is not subject to any stay in the implementation, enforcement, or realization of the relief granted in this Order; and (iii) the Debtor is authorized and empowered, and may in their discretion and without further delay, take any action necessary or appropriate to implement this Order.

23. The Court shall retain exclusive jurisdiction to resolve any dispute arising from or relating to the Sale or this Order.



**Dated: October 14, 2018**
**Brooklyn, New York**

_____
**Nancy Hershey Lord**
**United States Bankruptcy Judge**